OPINION
On March 18, 1997, appellant, Credit Acceptance Corporation, filed a complaint against appellee, Manuel Burkett, for monies due and owing on a retail installment sales contract. On May 28, 1997, appellee filed an answer and counterclaims. Leave to file these pleadings was granted on May 30, 1997.
On August 14, 1997, appellant filed a motion for summary judgment. Leave to file said motion was granted on September 15, 1997. On November 17, 1997, appellee filed a response and a cross-motion for summary judgment. Leave to file the cross-motion was granted on November 26, 1997. In same judgment entry, the trial court ordered appellant to respond by December 1, 1997.
By judgment entry filed December 4, 1997, the trial court denied appellant's motion for summary judgment as to its complaint and granted said motion as to appellee's first counterclaim. In addition, the trial court granted appellee's cross-motion for summary judgment and dismissed appellant's complaint.
Appellant filed a notice of appeal on December 29, 1997. Appellee filed a cross-appeal on January 7, 1998. This matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO WHETHER THE NOTICE REQUIREMENTS UNDER R.C. 1317.12, 1317.16 AND 1309.47 WERE MET.
II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WITHOUT ALLOWING PLAINTIFF-APPELLANT ADEQUATE TIME TO RESPOND TO SAID MOTION FOR SUMMARY JUDGMENT IN VIOLATION OF LOCAL RULE 10 AND RULE 56(C) OF THE OHIO RULES OF CIVIL PROCEDURE.
CROSS-ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF/CROSS-APPELLEE ON THE DEFENDANT/CROSS-APPELLANT'S COUNTERCLAIM WHEN THE COUNTERCLAIM PRESENTED A GENUINE DISPUTE AS TO MATERIAL FACTS AND NEITHER PARTY MOVED FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM.
 II
We will address Assignment of Error II first because we find it to be dispositive of the case sub judice.
Appellant claims the trial court erred in granting summary judgment to appellee because appellant was not afforded proper time to respond. Specifically, appellant claims the trial court abused its discretion in shortening the time for its response to appellee's cross-motion for summary judgment to five days. We agree.
Pursuant to Civ.R. 56(C), a summary judgment motion "shall be served at least fourteen days before the time fixed for hearing" and the adverse party may serve and file opposing affidavits prior to the day of hearing. Pursuant to Loc.R. 10 of the Court of Common Pleas of Perry County, an adverse party has ten days from the date a motion is filed to file a response.
By judgment entry filed October 8, 1997, the trial court set a deadline for "all pretrial motions" by November 24, 1997. On November 26, 1997, the trial court granted appellee leave to file a cross-motion for summary judgment, and ordered any response to be filed by December 1, 1997. The motion had already been filed on November 17, 1997, but was filed without leave in violation of Civ.R. 56(A). One could argue the cross-motion for summary judgment was never filed because it was not refiled after leave had been granted.
Civ.R. 6(A) provides "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Pursuant to said rule, the day of filing is not included in the computation. Leave was granted on November 26, 1997. This day does not count. November 27, 1997 was Thanksgiving, a legal holiday. This day does not count. November 29 and 30, 1997, were Saturday and Sunday, respectively. These days do not count. Therefore, the December 1, 1997 deadline was only two days after leave had been given. The trial court's December 4, 1997 judgment entry granting summary judgment was filed only five days after leave had been granted.
Based upon this computation, we find the trial court abused its discretion in shortening appellant's response time to under five days. We hereby reverse the trial court's December 4, 1997 judgment and remand the entire matter for the trial court to set a summary judgment motion response schedule consistent with Civ.R. 56.
Assignment of Error II is granted.
 I, CROSS-ASSIGNMENT OF ERROR I
Based upon our decision in Assignment of Error II, these assignments of error are moot.
The judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.